IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **LEMOYNE-OWEN COLLEGE FACULTY ORGANIZATION,** | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No.: 2:19-cv-02424-SHL-jay |
| **LEMOYNE-OWEN COLLEGE and BOARD OF TRUSTEES.** | ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Pursuant Local Rule 12.1(c), Defendants LeMoyne-Owen College and Board of Trustees ("Defendants"), submit their Reply in Support of Defendants' Motion to Dismiss. In support of their motion and as a reply to Plaintiff's Response, Defendants state as follows:

**I.      INTRODUCTION**

Plaintiff's opposition wholly fails to address many of Defendants' arguments. This alone constitutes waiver of opposition and warrants dismissal of the respective claims. Specifically, Plaintiff fails to address Defendants' arguments that (1) the Faculty Handbook does not constitute an enforceable contract as a matter of law; (2) that Plaintiff failed to plead a fiduciary relationship in its Complaint; and (3) that Plaintiff's injunctive relief must be dismissed. Additionally, Plaintiff fails to present any binding or persuasive authority or sufficient legal analysis to support its counter-arguments for the arguments that were addressed.

Notwithstanding, Plaintiff's Complaint must still be dismissed in its entirety. As to the jurisdictional issue, Plaintiff admits both that the NLRB has exclusive jurisdiction on

representational issues and that it is seeking to be recognized as a collective bargaining unit. Plaintiff's only argument against preemption in this matter, i.e., that recognition as a bargaining unit is *only part* of its request for relief, is unavailing given that is precisely what divests this Court of jurisdiction.

Plaintiff's breach of contract claim must be dismissed because (in addition to failing to establish the Faculty Handbook is an enforceable contract) Plaintiff fails to adequately plead factual allegations of a breach of contract that satisfy the *Twombly* pleading standard. Instead, Plaintiff expects the Court and Defendants to speculate as to the facts and relevant contract provisions supporting its breach of contract claim. The Supreme Court and Sixth Circuit make clear that failure to adequately plead each element of a claim warrants dismissal.

Similarly, Plaintiff's breach of fiduciary duty claim must be dismissed because (in addition to failing to plead that a fiduciary relationship exists) Plaintiff fails to establish that Defendant Board of Trustees owes Plaintiff a fiduciary duty. Notably, Plaintiff asserts in its introduction that it has "constitutional standing" to assert a breach of fiduciary duty claim against Board of Trustees. However, Plaintiff fails to cite any constitutional provision whatsoever.

As demonstrated below and in Defendants' Motion to Dismiss, nothing in Plaintiff's Complaint amounts to a cognizable claim for breach of contract, breach of fiduciary duty, or temporary injunctive relief. Accordingly, Plaintiff's Complaint should be dismissed with prejudice in its entirety.

## II. LAW AND ARGUMENT

### A. **Plaintiff Admits the NLRB has Exclusive Jurisdiction of Representational Issues, and its Argument that this Court Has Jurisdiction Because the Representational Issue is Only a Portion of the Complaint is Unavailing.**

In its response, Plaintiff **admits** the NLRB is the "tribunal of 'exclusive primary competence' for deciding representational labor issues." ECF No. 17, p. 7. Further, there is **no dispute** that Plaintiff is requesting the Court to "order that the College and Board enter into good faith negotiations to enter into good faith negotiations to . . . recognize the Faculty Organization as an appropriate collective-bargaining unit." ECF No. 1-2, ¶ 30. Plaintiff's only argument against preemption in this matter is that recognition as a bargaining unit is *only part* of its request for relief and that they are also seeking, in the alternative, that the Court order Defendants to "agree to abide by the terms of the Handbook and include the faculty in the shared governance model utilized prior to Dr. Miller's appointment." *Id.* This piece-meal argument is unavailing. Despite Plaintiff's insinuations, the standard for deciding whether the NLRB has exclusive jurisdiction is not whether the requested relief to be recognized as a collective bargaining unit is accompanied by a requested relief that *is* within the district court's jurisdiction. But rather, the standard is whether the dispute is "primarily representational." *Int'l Bhd. of Elec. Workers, Local 71 v. Trafftech, Inc.*, 461 F.3d 690, 695 (6th Cir. 2006). There are at least two circumstances where "primarily representational" disputes require the exclusive jurisdiction of the Board: "where the Board has already exercised jurisdiction over a matter and is either considering it or has already decided the matter, or where the issue is an initial decision in the representation area[.]" *Id.*

Plaintiff's Complaint must be dismissed because both situations exist in this matter. First, the board has already exercised jurisdiction and decided that the Faculty Organization is not an appropriate bargaining unit. *See* ECF No. 1-2, Exh. A; *LeMoyne-Owen Coll. v. N.L.R.B.*, 357 F.3d

3

55 (D.C. Cir. 2004); *Lemoyne-Owen Coll. & Faculty Org., Lemoyne-Owen Coll.*, Charging Party, 345 NLRB 1123 (2005). Plaintiff does not dispute the fact that the NLRB has already decided the issue. District courts lack jurisdiction "where the Board has already exercised jurisdiction over a matter" because failing "to apply this policy preemption to § 301 actions would allow an end run around provisions of the NLRA under the guise of contract interpretation." *Int'l Bhd. of Boilermakers, etc. v. Olympic Plating Indus.*, Inc. 870 F.2d 1085, 1089 (6th Cir. 1989) (internal quotation marks omitted).

Second, and alternatively, Plaintiff's request arguably seeks an initial decision on whether the *current* Faculty Organization may be recognized as an appropriate bargaining unit.[1] Courts have identified several circumstances that involve an initial decision of representation. The most obvious is where a § 301 claim seeks "an ultimate determination regarding representation." *Local No. 1*, 954 F. Supp. at 156. The initial decision bar also arises where a threshold decision about representation is necessary to resolution of the underlying grievance. *Trafftech*, 461 F.3d at 695. Similarly, the Supreme Court held that it was error for a court of appeal to decide a matter of "initial determination" because "selection of an appropriate bargaining unit lies largely within the discretion of the Board, whose decision, if not final, is rarely to be disturbed." *South Prairie Constr. Co. v. Local No. 627, Int'l Union of Operating Eng's*, 425 U.S. 800, 803-804 (1976) (internal citations and quotation marks omitted). As such, Plaintiff has set forth a "primarily representational' issue that divests this Court of jurisdiction.

Simply put, this Court cannot "recognize the Faculty Organization as an appropriate collective-bargaining unit" as requested by Plaintiff.[2] It is clear that Section 9(b) of the NLRA

---

[1] Given the organizational structure of the current Faculty Organization may differ from that at issue in 2004, Plaintiff's request could also be seen as an initial decision on representation.
[2] "Federal courts are courts of limited jurisdiction and the law presumes that a cause lies outside this limited jurisdiction." *Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1064 (6th Cir. 2014) (internal quotation marks

4

authorizes the National Labor Relations Board ("NLRB") to determine "the unit appropriate for the purposes of collective bargaining." 29 U.S.C. § 159(b). The fact that Plaintiff seeks recognition as a collective bargaining unit as *only* part of its requested relief is of no consequence. The fact that Plaintiff seeks such relief is precisely what provides the NLRB exclusive jurisdiction. Accordingly, Plaintiff's Complaint must be dismissed.

### B. Plaintiff Fails to Address or Establish Whether the Faculty Handbook is an Enforceable Contract.

As an initial matter, Plaintiff wholly fails to address whether the Faculty Handbook is an enforceable contract and has essentially waived any opposition to Defendants' argument. In the Sixth Circuit, when a plaintiff fails to properly address an argument or claim, it is deemed waived. *See Alexander v. Carter for Byrd*, 733 F. App'x 256, 261 (6th Cir. 2018); *Humphrey v. United States Att'y Gen.'s Office,* 279 F. App'x 328, 331 (6th Cir. 2008) (stating that where plaintiff failed to respond to argument, any opposition was waived); *Hawkins v. Hart*, 86 S.W.3d 522, 531 (Tenn. Ct. App. 2001) ("Where a party makes no legal argument and cites no authority for a position, such issue is deemed to be waived...).

Notwithstanding, instead of addressing the legal argument presented by Defendants, Plaintiff attempts to redirect the legal issue at hand by citing non-binding Ohio case law asserting the existence of a contract is generally a matter of fact. ECF No. 17, pp. 4-5. However, the existence of a contract is not at issue. Rather, the issue is whether the Faculty Handbook is an enforceable contract as a matter of law. Whether an employee handbook can create an implied contract right upon which the employee may bring an action for breach thereof is to be determined

---

omitted). "The burden of establishing the contrary rests upon the party asserting jurisdiction. Because subject-matter jurisdiction is an Article III as well as a statutory requirement[,] no action of the parties can confer subject-matter jurisdiction upon a federal court." *Id*. "Subject-matter jurisdiction can never be waived or forfeited." *Gonzalez v. Thaler*, 132 S.Ct. 641, 648 (2012).

under state law. *See Gregory v. Hunt*, 24 F.3d 781, 785 (6th Cir. 1994). In Tennessee, "the language of an employee handbook or manual does not create a guaranteed contract right unless the language manifests contractual intent on the employer's part or expressly states that the policy included therein is guaranteed. *Sanders v. Wells Fargo Home Mortg., Inc.,* 2004 WL 3314564, at *2 (W.D. Tenn. Dec. 13, 2004) (holding that the handbook outlining policies and procedures did not contain any language creating contractual rights between the employer and employee). Handbooks such as the one at issue here do not in themselves constitute contracts. *See Fontaine v. Weekly Homes, L.P.,* 2003 WL 21946721, at *1 (Tenn. Ct. App. Aug. 13, 2003); *Gardner v. University of Memphis,* 2003 WL 1872640 (Tenn. Ct. App. Apr. 8, 2003). Courts must look to whether there is an intent to be bound as expressed "**in the specific language of the handbook**." *Fontaine,* 2003 WL 21946721 at *1 (emphasis added) (internal citations omitted). In other words, the Court must look directly to the explicit language in the document at issue to determine whether it is an enforceable contract. *See Guiliano v. Cleo, Inc* ., 995 S.W.2d 88, 95 (Tenn.1999) (holding contract interpretation is a matter of law). As such, whether the Faculty Handbook is an enforceable contract is not a matter of fact, but a matter of law for the Court to decide at this stage.

Moreover, in an attempt to survive dismissal, Plaintiff makes an unsupported and conclusory statement that the cases cited by Defendants had gone through discovery regarding formation issues, unlike the matter at hand. ECF No. 17, p. 5. This statement, however, is irrelevant and untrue.[3] As discussed above, the arguments asserted by Defendants are all purely legal arguments to be decided by the Court as a matter of law, not by the trier of fact.

---

[3] Contrary to Plaintiff's assertion, there is no indication that discovery was obtained on formation issues in cases cited by Defendants:
- *Fontaine v. Weekly Homes, L.P*., 2003 WL 21946721, at *1 (Tenn. Ct. App. Aug. 13, 2003) (finding that the employer did not intend to be bound by the terms of a handbook of which it reserved the right to amend).
    - o   This matter was an appeal of the Court's denial of a motion to compel arbitration. There is no indication there was any discovery regarding formation issues.

### C.     Plaintiff's Complaint Must be Dismissed Because it Fails to Adequately Plead its Breach of Contract and Breach of Fiduciary Duty Claims.

#### i.     Breach of Contract

Even if the Faculty Handbook constituted an enforceable contract (which it does not), Plaintiff's Complaint must still be dismissed because Plaintiff Complaint does not sufficiently allege a breach of contract on its face. Again, Plaintiff's Complaint asserts two alleged breaches of contract. Defendants reference and rely upon its arguments made in its Motion to Dismiss as it pertains to Plaintiff's allegations not amounting to a breach of contract. *See* ECF No. 8-1, pp. 11-12. In its opposition, Plaintiff asserts that if allowed to proceed to the discovery stage, there would be "evidence of multiple breaches of this contract." ECF no. 17, p. 5. However, the mere *expectation* that Plaintiff will present evidence of some unidentified breaches at a later stage is not sufficient to survive a motion to dismiss under the Rule 12(b)(6) standard. While the Court must construe the Complaint in the light most favorable to the Plaintiff, the claim must be supported by factual allegations such that it is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570, (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Factual allegations must be enough to raise a right to relief above a speculative level." *Twombly,* 550 U.S. at 555.

---

- *Sanders v. v. Wells Fargo Home Mortg., Inc*, 2004 WL 3314564, at *2 (W.D. Tenn. Dec. 13, 2004) (holding that the handbook outlining policies and procedures did not contain any language creating contractual rights between the employer and employee).
  - This matter was a motion for judgment on the pleadings that was converted to a motion for summary judgment after the court considered matters outside the pleadings, i.e., a contract and supporting declaration.
- *Adcox v. SCT Prods.*, WL 638275, at *2, *4 n.1 (Tenn. Ct. App. Oct. 17, 1997) (affirming the dismissal of a breach of employment contract claim under Tennessee's more lenient pleading standard because the handbook provisions focused on by the plaintiff did not contain binding language).
  - This matter was a motion to dismiss that was affirmed on appeal. Therefore, the Court did not consider matters outside the pleadings.

In 2014, the Sixth Circuit affirmed dismissal of a breach of contract claim where the plaintiffs failed to adequately plead their claim. *Derbabian v. Bank of Am., N.A.*, 587 F. App'x 949, 953–54 (6th Cir. 2014). In *Derbabian,* the plaintiffs alleged the defendants breached their loan agreement "by failing to disclose material facts, by making false and misleading statements and by having Plaintiff[s] rely on a grossly inflated appraisal." *Id.* The Sixth Circuit found that plaintiffs did not, however, "provide any further explanation, including the relevant terms of the loan agreement, how the agreement was breached, and how that breach harmed them." The Sixth Circuit found that the district court properly dismissed the breach of contract claim because the plaintiffs "did not adequately plead each element of the cause of action." *Id.*

Here, similar to the *Derbabian* case, Plaintiff's Complaint does not allege sufficient allegations amounting to a breach of contract on its face.[4] Particularly, like the *Derbabian* plaintiffs, Plaintiff herein does not allege the relevant terms of the Faculty Handbook, how Defendants breached such terms, and how such breach harmed Plaintiff. Defendants cannot be left to guess or speculate as to what actions Plaintiff is asserting constitute a breach of contract or be forced to wait until the discovery stage. This belies the intent and purpose of the pleading standard. *Universal Coin & Bullion, Ltd. v. FedEx Corp.*, 971 F. Supp. 2d 754, 763 (W.D. Tenn. 2013) ("In the context of a motion to dismiss, a breach-of-contract claim must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery.") (*citing Twombly*, 550 U.S. at 562). Accordingly, Plaintiff's breach of contract claim must be dismissed because it does not adequately plead each element of the cause of action. *See Derbabian,* 587 F. App'x at 953–54.

---

[4] Defendants reassert and rely upon its arguments made in its Motion to Dismiss at ECF No. 8-1, pp. 11-12.

      ii.      <u>Breach of Fiduciary Duty</u>

Plaintiff again fails to even address Defendants' argument. It is uncontestable that Plaintiff failed to plead that a fiduciary relationship exist between it and Defendant LeMoyne-Owen Board of Trustees. This alone is sufficient basis to dismiss Plaintiff's breach of fiduciary duty claim. *Roberts v. Baylor Sch.*, 2008 WL 204114, at *6 (Tenn. Ct. App. Jan. 25, 2008) (affirming trial court's holding that there was no fiduciary relationship between plaintiff and defendant school and that plaintiff "pled no facts which could be construed to establish such a relationship and he had not provided any legal authority to support the allegation that [defendant school] owed a fiduciary duty to him").

Notwithstanding, Plaintiff's response still fails to establish that a fiduciary duty exists between it and Defendant LeMoyne-Owen Board of Trustees. Plaintiff cites no binding or persuasive authority establishing that such fiduciary duty exists. Instead, Plaintiff makes a tenuous connection that the Board of Trustees is "the dominant party over the Plaintiff;" and therefore, a fiduciary duty owed by the Board of Trustees to Plaintiffs. However, in Tennessee, "a fiduciary duty is the duty to act primarily for another's benefit." *McRedmond v. Estate of Marianelli*, 46 S.W.3d 730, 738 (Tenn. Ct. App. 2000). It is evident that the Board of Trustees have a fiduciary duty to act primarily for the benefit of the College – not the Faculty Organization. Indeed, Plaintiff states this within its Complaint. ECF No. 1-2, ¶ 23. Additionally, contrary to Plaintiff's assertion, the Board of Trustees is not the dominant party over the Faculty Organization.[5] As shown in the Faculty Handbook attached to Plaintiff's Complaint, the Board of Trustees is "responsible for the institution and policy making." *Id.* at p. 35. There is nothing in Plaintiff's Complaint or any of

---

[5] Again, while Plaintiff attempts to make a case for its breach of fiduciary duty claim by asserting factual issues, none of them are alleged in Plaintiff's Complaint. Even if they were, they would still not amount to a fiduciary relationship between the Board of Trustees and Plaintiff.

the attachments that indicate or infer that the Board of Trustees is the dominant party over Plaintiff Faculty Organization. The only employees to which the Board of Trustees are arguably "dominant" over is the President and Chief Financial Officer. Indeed, the Board of Trustees has authority to "[a]ppoint or remove the President and Chief Financial Officer of the College in accordance with [the] bylaws." *Id.* As such, Plaintiff fails to establish a fiduciary relationship with Defendant Board of Trustees.

Moreover, similar to the breach of contract claim, Plaintiff fails to adequately plead direct or inferential allegations regarding all material elements of its breach of fiduciary claim. As such Plaintiff's breach of fiduciary duty claim must be dismissed. *Universal Coin & Bullion, Ltd.*, 971 F. Supp. 2d at 763.

### D. Plaintiff Fails to Address Defendants' Argument that the Injunction Must Be Denied.

Finally, Plaintiff fails to address Defendants' argument that its claim for injunctive relief should be dismissed. As discussed above, because Plaintiff failed to present any competent evidence, legal analysis, or authority to counter Defendants' arguments, such opposition is essentially waived and their claim fails. *See Alexander,* 733 F. App'x at 261; *Humphrey,* 279 F. App'x at 331; *Hawkins*, 86 S.W.3d at 531.

### III. CONCLUSION

For the foregoing reasons and the reasons set forth in Defendants' Motion to Dismiss and Memorandum in Support, Plaintiff's Complaint fails to state a claim upon which relief can be granted. As such, the Court should grant Defendants' Motion and dismiss Plaintiff's Complaint with prejudice.

DATE:  September 30, 2019

Respectfully submitted,

s/ *Yasmin A. Mohammad*
Rodney G. Moore (TN BPR #31929)
Yasmin A. Mohammad (TN BPR #29970)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
6410 Poplar Avenue, Suite 300
International Place Tower II
Memphis, TN 38119
Telephone:  (901) 767-6160
Facsimile:   (901) 767-7411
rodney.moore@ogletreedeakins.com
yasmin.mohammad@ogletree.com

**ATTORNEYS FOR DEFENDANTS LEMOYNE-OWEN COLLEGE AND BOARD OF TRUSTEES**

## CERTIFICATE OF SERVICE

I hereby certify that I have this 30th day of September, 2019, caused the foregoing to be filed using the Court's CM/ECF system, which will send an electronic notification of such filing to counsel of record.

Handel R. Durham, Jr. (TN BPR #010949)
Jonathan T. Mosley (TN BPR #031526)
22 North Front Street, Suite 760
Memphis, TN 38103
Telephone: (901) 543-0866

*Counsel for Plaintiff Lemoyne-Owen College Faculty Organization*

s/ *Yasmin A. Mohammad*

11