# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| LEMOYNE-OWEN COLLEGE FACULTY ORGANIZATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 2:19-cv-02424-SHL-jay |
| LEMOYNE-OWEN COLLEGE and BOARD OF TRUSTEES, | ) ) ) ) | |
| Defendants. | ) | |

## ORDER REMANDING CASE TO STATE COURT

Before the Court is Defendants Lemoyne-Owen College ("College") and Lemoyne-Owen Board of Trustee's ("Board") Motion to Dismiss, filed July 10, 2019. (ECF No. 8.)  Plaintiff responded on September 16, 2019 (ECF No. 17), and Defendants filed a reply on September 30, 2019. (ECF No. 19.)

At any time and of its own volition, a district court may examine whether a complaint lacks subject matter jurisdiction. See Dietrich v. Bell, Inc., 554 F. App'x 418, 421 (6th Cir. 2014); Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd., 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue sua sponte.").  If a court finds that subject matter jurisdiction is lacking, then it must dismiss the complaint. Fed. R. Civ. P. 12(h)(3).

Generally speaking, federal district courts are courts of limited jurisdiction in that "Article III of the Constitution limits the jurisdiction of federal courts to '[c]ases' and '[c]ontroversies.'" Susan B. Anthony List v. Driehaus, 573 U.S. 149, 157 (2014) (citing U.S. Const. art III, § 2).  That is, when no "case" or "controversy" exists, a court lacks subject matter

jurisdiction.  Michigan v. Meese, 853 F.2d 395, 397 (6th Cir. 1988).  "The party invoking federal jurisdiction bears the burden of establishing these elements." Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992) (citing FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990)).  "[T]he removal statute should be strictly construed and all doubts resolved in favor of remand."  Eastman v. Marine Mech. Corp., 438 F.3d 544, 550 (6th Cir. 2006).

Here, Defendants removed this case to this Court based on federal question jurisdiction. (ECF No. 1).  The court looks to the "'well-pleaded' allegations of the complaint" to determine whether federal question jurisdiction exists.  Funderwhite v. Local 55, United Ass'n, 702 F. App'x 308, 311 (6th Cir. 2017).  "Jurisdiction exists only when a federal question is presented on the face of the plaintiff's complaint." Paul v. Kaiser Found. Health Plan of Ohio, 701 F.3d 514, 518 (6th Cir. 2012) (quoting Kitzmann v. Local 619-M Graphic Commc'ns Conf., 415 F. App'x 714, 716–18 (6th Cir. 2011.))

Plaintiff's claims are for breach of contract (ECF No. 1-2, PageID 11) and breach of fiduciary duty, which are state law claims.  (Id. at PageID 13.)  Defendants' basis for federal question jurisdiction is apparently the fact that Plaintiff seeks, as part of its relief, that Defendants be ordered to enter into good faith negotiations to recognize Lemoyne-Owen's Faculty Organization as a collective bargaining unit.[1]  (ECF No. 1, PageID 14.)  Defendants aver that this relief falls within the exclusive jurisdiction of the National Labor Relations Board to

---

[1] Apparently, this relief is sought based, at least in part, on the NLRB's 2005 ruling that denied recognition of the Faculty Organization as a proper bargaining unit.  At that time, the NLRB concluded that faculty participated in the governance of the College in numerous ways, and thus were considered to be managerial employees and not a proper bargaining unit.  This lawsuit alleges that, at the time it was filed, the faculty was no longer being allowed to participate in governance.  While the Court understands the connection between these claims and the conclusions in the NLRB's decision, and that that connection may inform certain rulings in this matter, the relief sought here does not, on its own, confer jurisdiction.

grant, and thus is a federal question.  See 28 U.S.C. § 159(b) ("The Board shall decide in each case . . . the unit appropriate for the purposes of collective bargaining.").

Curiously, the same Defendants who removed the case argue in this Motion that this Court lacks jurisdiction.  In so arguing, Defendants seek an inappropriate remedy for the lack of jurisdiction—dismissal with prejudice.  However, because a district court does not have jurisdiction to decide the representational status of a bargaining unit, this Court does not have jurisdiction to consider the matter in the first place.  Because there is no basis for federal jurisdiction, the case is **REMANDED** to state court for further consideration.

**IT IS SO ORDERED,** this 30th day of March, 2020.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE